THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRACERO HOLDINGS, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 3:22-cv-01101 |
| | § | |
| **HELIUM VENTURES, LLC, JAYD** | § | |
| **MINING, LLC, MAX E. MAXWELL,** | § | |
| **and WILLIAM E. SIMMONS,** | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

Plaintiff Bracero Holdings, LLC files its Complaint against Defendants Helium Ventures, LLC, Jayd Mining, LLC, Max E. Maxwell, and William E. Simmons, and respectfully states as follows:

## THE PARTIES

1. Plaintiff Bracero Holdings, LLC ("Plaintiff") is a Texas limited liability company with its principal place of business located in Midland, Texas.

2. Defendant Helium Ventures, LLC ("HV LLC") is a Louisiana limited liability company with its principal place of business located at 1036 Webster Street, New Orleans, Louisiana 70118.  HV LLC can be served by and through its manager and principal, Max E. Maxwell, located at 1036 Webster Street, New Orleans, Louisiana 70118, or wherever he may be found.

3. Defendant Jayd Mining, LLC ("Jayd") is a Wyoming limited liability company with its principal place of business located at 2120 Carey Avenue, Cheyenne, Wyoming 82001.

1

Jayd can be served by and through its registered agent, Frontier Registered Agency Services LLC, which is also located at 2120 Carey Avenue, Cheyenne, Wyoming 82001.

4. Defendant Max E. Maxwell ("Maxwell") resides at 1036 Webster Street, New Orleans, Louisiana 70118, and can be served at that address, or wherever he may be found.

5. Defendant William E. Simmons ("Simmons") resides at 320 Second Street, Columbia, Mississippi 39429, and can be served at that address, or wherever he may be found.

6. Defendants HV LLC and Jayd shall be referred to jointly as the "Companies."

7. Defendants HV LLC, Jyad, Maxwell, and Simmons shall be referred to jointly as "Defendants."

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as there is complete diversity and Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs.

9. Pursuant to 28 U.S.C. § 1391(b)(2), jurisdiction and venue is proper in this Court because the parties' contract that is the subject of this litigation contains a venue provision that favors the filing of any action "arising out of or relating to" the parties' contract in state or federal court "sitting in Dallas County, Texas." Jurisdiction and venue is also proper in this Court because many of the negotiations, representations, and business dealings underlying Plaintiff's claims took place in whole, or in substantive part, in Dallas County, Texas.

## FACTUAL BACKGROUND

10. On or about August 21, 2020, Plaintiff and the Companies (together, the "Parties") executed an agreement (the "Agreement") whereby Plaintiff paid the Companies $512,000.00 to secure a 10,240 acre lease position described more fully in Exhibit A to the parties' Agreement.

2

11. Maxwell signed the Agreement on behalf of HV LLC as its manager.

12. In signing the Agreement on behalf of the Companies, Maxwell made certain representations to Plaintiff. These included:

(i) The Companies have all requisite power and authority to carry out its business as presently conducted . . . and to perform the Companies' obligations under this Agreement and the Transactional Documents; and

(ii) This Agreement and the Transactional Documents executed and delivered by the Companies to [Plaintiff] are duly authorized, executed and delivered by the Companies, and will be the legal, valid and binding obligations of the Companies.

13. In deciding to execute the Agreement, Plaintiff relied on these and other pre-execution verbal representations made by Maxwell and Simmons during meetings in Dallas, Texas, which included assurances regarding the Companies' commitment to and ability to develop the Prospect and/or assign title to the Prospect should the Companies not perform as promised.

14. In exchange for the $512,000.00 consideration (the "Consideration"), the Companies committed to drill an exploratory helium well (the "Prospect") and also conferred to Plaintiff a 3.25% overriding royalty interest in the Prospect.

15. Per the Agreement, following receipt of the Consideration, the Companies were required to raise money and take such other steps necessary to drill an exploratory well for the Prospect (the "Prospect Well"). The Companies were required to commence drilling the Prospect Well within one (1) year of Agreement's execution date.

16. In the event the Companies were unable to spud the Prospect Well by the Agreement's one-year anniversary, the Companies were contractually obligated to "assign all right (including, but not limited to operating right), title and interest to the Prospect to [Plaintiff] . . . ."

17. By mutual agreement, the deadline for the Companies to commence drilling the Prospect Well was subsequently extended until November 21, 2021.

18. There is no legitimate dispute that the Companies missed this extended deadline, thus defaulting on its obligations under the Agreement.

19. On April 29, 2022, Plaintiff's counsel sent notice to the Companies and Maxwell advising them that they were in default of the Agreement because they had failed to timely commence drilling of the Prospect well. Plaintiff's counsel provided the Companies with two cure options, informing the Companies that if it failed to select one of the stated "Cure Options," Plaintiff intended to exercise its rights under the Agreement and take immediate assignment of the Prospect.

20. On behalf of the Companies, Maxwell responded on May 5, 2022, but did not accept either of Plaintiff's proposed Cure Options.

21. Per the Agreement's "Governing Law and Venue" provision: "Each of the Parties hereby agrees to submit to the exclusive jurisdiction of any state or federal court sitting in Dallas County, Texas in any action or proceeding arising out of or relating to this Agreement."

### COUNT ONE (AGAINST THE COMPANIES)
**(Breach of Contract – Specific Performance)**

22. Plaintiff repeats and incorporates as if fully set forth herein each and every allegation contained in the preceding paragraphs.

23. The Companies entered into a valid and enforceable contract, the Agreement, with Plaintiff.

24. According to its terms, Maxwell represented that the Companies possessed "all requisite power and authority" to "perform the Companies' obligations under this Agreement."

4

This includes the Companies' stated ability and wherewithal to "assign all right [], title and interest to the Prospect to Plaintiff" in the event the Companies defaulted under the Agreement by failing to drill the Prospect Well.

25. The Companies defaulted under the Agreement by failing to drill the Prospect Well per the Parties' agreed deadline, which Plaintiff extended as an accommodation to the Companies.

26. The Companies have breached the Agreement and failed to perform its obligations under the Agreement by refusing to assign all right, title and interest to the Prospect to Plaintiff as required under the Agreement.

27. Plaintiff performed and tendered performance of all of Plaintiff's obligations under the Parties' Agreement. All preconditions to Plaintiff's recovery have been met and satisfied, or, alternatively, have been excused.

28. Plaintiff sues to compel the Companies' specific performance under the Agreement such that the Companies are required to immediately assign to Plaintiff all right, title and interest to the Prospect.

29. As a result of the Companies' breach of the Agreement and refusal to assign all right, title and interest to the Prospect to Plaintiff, Plaintiff has had to retain the undersigned counsel. Accordingly, Plaintiff also seeks its reasonable and necessary attorneys' fees as permitted under Section 38.001 of the Texas Civil Practice and Remedies Code.

## COUNT TWO (AGAINST THE COMPANIES)
### (Breach of Contract - Damages)

30. Plaintiff repeats and incorporates as if fully set forth herein each and every allegation contained in the preceding paragraphs.

31. As previously set forth in Count One, the Companies are in breach of the Parties' Agreement because it failed to drill the Prospect Well by the agreed upon deadline and has refused to assign all right, title and interest to the Prospect to Plaintiff as required under the Agreement.

32. In the alternative to its claim for specific performance, Plaintiff seeks to recover from the Companies damages in an amount to be proven at trial. Such damages include, but are not limited to, Plaintiff's Consideration plus interest, Plaintiff's consequential and incidental damages stemming from the Companies' breach, and Plaintiff's reasonable attorneys' fees and costs.

### COUNT THREE (AGAINST MAX E. MAXWELL AND WILLIAM E. SIMMONS)
**(Fraud and Fraudulent Inducement)**

33. Plaintiff repeats and incorporates as if fully set forth herein each and every allegation contained in the preceding paragraphs.

34. Insofar as it is determined at trial that the Companies, in fact, do not and did not possess or otherwise possess the ability, right, or wherewithal to assign to Plaintiff "all right (including, but not limited to operating right), title and interest to the Prospect," Plaintiff asserts claims against Max E. Maxwell and William E. Simmons for fraud and fraudulent inducement.

35. Such representations were material to Plaintiff's decision to execute the Agreement, absent which Plaintiff would not have signed the Agreement. Likewise, these representations were material and induced Plaintiff to sign the Agreement, and tender the Consideration to the Companies and Maxwell.

36. On information and belief, Maxwell and Simmons knowingly made these and other representations with the intention and purpose of inducing Plaintiff to sign the Agreement and to pay the Consideration.

37. Maxwell and Simmons are liable to Plaintiff for their misrepresentations in an amount to be proven at trial, including Plaintiff's actual, consequential and punitive damages, attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to enter the following judgment:

(a) Against the Companies, a judgment in favor of Plaintiff ordering specific performance under the Agreement whereby the Companies must immediately assign all right (including, but not limited to operating right), title and interest to the Prospect to Plaintiff;

(b) Alternatively, a judgment against the Companies and in favor of Plaintiff in a sum to be determined at trial for the Companies breach of the Agreement, including Plaintiff's reasonable and necessary attorneys' fees;

(c) Alternatively, a judgment against Max E. Maxwell and William E. Simmons, jointly and severally, for fraud and/or fraudulent inducement for Plaintiff's actual and consequential damages, as well as punitive damages, exemplary damages, attorney's fees, and costs; and

(d) Any additional damages and relief which the Court deems just, proper, and appropriate.

7

## **JURY DEMAND**

Plaintiff, by and through counsel, hereby request a trial by jury with the maximum number of jurors permitted by law on all claims so triable.

Respectfully submitted,

*/s/ C. Scott Jones*

**C. Scott Jones**
  Texas Bar No. 24012922
  sjones@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
T: (214) 740-8000
F: (214) 740-8800

**ATTORNEY FOR PLAINTIFF**